BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

MAR -5 1971

EMBRO PATENT INFRINGEMENT LITIGATION  )   DOCKET NO. 57

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN* AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III* AND STANLEY A. WIEGEL, JUDGES OF THE PANEL

PER CURIAM

On September 30, 1970, we directed the parties in the six actions[1] listed on Schedule A to show cause why those actions should not be transferred to a single district for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407.[2] The common party, Embro Company, Inc.[3] and three of the adverse parties have responded to the *show cause order* but none took a positive position with regard to the *advisability* of transfer under §1407 nor did they provide much insight as to

---

*Judges Murrah and Lord were unable to attend the hearing but with the consent of all parties they have participated in this decision on the basis of the transcript of the hearing and the pleadings filed in this matter.

[1] One of the actions pending in the Central District of California at the time the show cause order was entered, *Embro Company, Inc. v. Tube Specialists, Inc.*, was terminated by consent judgment on November 9, 1970. It will of course, not be affected by this order.

[2] At the request of several parties the time for responding to this *show cause order* was extended to November 6, 1970.

[3] Five of these actions are patent infringement actions brought by Embro and the other is a declaratory judgment action brought by Relaxaway Corp. against Embro.

the nature of the litigation, the existence of common questions of fact, the status of discovery or the problems that remain for resolution during pretrial proceedings. An order was then entered setting this matter for hearing in San Francisco, California on January 22, 1971, with the hope that additional information would be forthcoming at the hearing.[4] Regrettably none of the parties in this litigation were represented at the hearing and we must therefore reach our decision on the basis of the pleadings and other papers before us.

It is clear from the complaints in each of these actions that one of the principal issues in this litigation if not *the* principal issue, concerns the validity of Embro's reissue patent No. 26,725. We have consistently held that the issue of patent validity presents common questions of fact which satisfy the statutory requirements of §1407. *C.f.*, *In re Carrom Trademark Litigation* __F. Supp. __(J.P.M.L. 1971), *In re Willingham Patent Litigation* __F. Supp. __(J.P.M.L. 1971), *In re Frost Patent Litigation* 316 F. Supp. 977(J.P.M.L. 1970), *In re Kaehni Patent Litigation* 311 F. Supp. 1342(J.P.M.L. 1970), and *In re Butterfield Patent Infringement Litigation* __F. Supp. __(J.P.M.L. 1970.)

Although not taking a position with regard to the question of transfer, all parties responding to the show cause order[5] strongly urged that if there was to be a transfer, it

---

[4] The January Session was held in San Francisco partly for the convenience of counsel *in these cases* since most of them are from the West Coast.
[5] Embro Company, Inc., Relaxaway Corp., Robert J. and Pauline Thomas, and Tube Specialties, Inc.

- 2 -

should be to the Central District of California. Their reasons for supporting transfer to the Central District of California not only support the selection of that district as the most appropriate district but also make it clear that transfer of these cases to a single district for coordinated or consolidated pretrial proceedings will serve the convenience of the parties and their witnesses and will promote the just and efficient conduct of this litigation.

Of the eight real parties in this litigation, four either reside in or have a principle place of business in the Central District of California while two of the remaining four parties have a principle place of business in the Southern District of California and are represented by counsel with offices in the Central District of California. In addition, five of the seven attorneys active in this litigation maintain offices in the Central District of California and the inventor of the patent, John W. Sellner, resides in the Central District of California.

The responding parties also contend that many of the activities relating to the validity of reissue patent No. 26,725 occurred in California and that much of the discovery will be directed to the business records and other tangible evidence in the possession of Embro Company, Inc. and Mr. Sellner. In further support of transfer to the Central District of California, it is pointed out that the earliest case, *Relaxaway Corporation v. Embro Co., Inc.* was commenced in that district.

- 3 -

We are satisfied from the above uncontested allegations that there is substantial common discovery in the area of patent validity and that the transfer of these actions to the Central District of California will serve the convenience of the parties and their witnesses and will promote the just and efficient conduct of this litigation.

IT IS THEREFORE ORDERED that the actions on the attached Schedule A pending in other districts be and the same are hereby transferred to the Central District of California for coordinated or consolidated pretrial proceedings under 28 U.S.C §1407. With the written consent of that court, all such actions are hereby assigned to the Honorable Francis C. Whelan.

SHCEDULE A                                      DOCKET NO. 57

### SOUTHERN DISTRICT OF CALIFORNIA

Embro Co., Inc. v. House of Slender Gem, Inc.    Civil Action
                                                 No. 70 127 T

Embro Co., Inc. v. Daco Industries, Inc.         Civil Action
                                                 No. 70 165 T

### CENTRAL DISTRICT OF CALIFORNIA

Relaxaway Corporation v. Embro Co., Inc., et al. Civil Action
                                                 No. 69-2393-FW

Embro Co., Inc. v. Tube Specialists, Inc.        Civil Action
                                                 No. 70-844-DWW

### DISTRICT OF OREGON

Embro Co., Inc., et al. v. Robert J. Thomas, etc. Civil Action
                                                 No. 70-225

### WESTERN DISTRICT OF WISCONSIN

Embro Co., Inc. v. JTL Manufacturing, Inc., et al. Civil Action
                                                 No. 70-C-112

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION



MAR -5 1971

EMBRO PATENT INFRINGEMENT LITIGATION ) DOCKET NO. 57

DISSENTING OPINION

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

STANLEY A. WEIGEL, JUDGE OF THE PANEL, DISSENTING:

I respectfully dissent. As in In re Carrom Trademark Litigation, ___ F. Supp. ___, (J.P.M.L. 1971) and In re Willingham Patent Litigation, ___ F. Supp. ___ (J.P.M.L. 1971), it seems to me that there are insufficient common questions of fact to justify § 1407 transfer in the light of the troubles and inconveniences occasioned thereby. See In re "East of the Rockies" Concrete Pipe Antitrust Cases, 302 F. Supp. 244, 253-256 & n. 1 (J.P.M.L. 1970)(concurring opinion); In re Butterfield Patent Litigation, ___ F. Supp. ___ (J.P.M.L. 1970)(dissenting opinion).